UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO ALLAN MONTANO,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Hala Y. Jarbou

LARRY ROYSTER,　　　　　　　　　　　　　　　　　　Case No. 1:22-cv-1150

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Mario Allan Montano filed this action pursuant to 42 U.S.C. § 1983 on December 6, 2022, against Larry S. Royster, the Clerk of the Michigan Supreme Court, seeking injunctive relief ordering Royster to file with the Michigan Supreme Court Montano's actions against the Michigan Court of Appeals and the Clerk of the Michigan Court of Appeals. (ECF No. 1 at PageID.4–5.) Montano alleges that, in rejecting his filings, Royster violated his right to due process under the Fourteenth Amendment. Having granted Montano's motion to proceed as a pauper, I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Based on this review, I conclude that Plaintiff's complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(h)(3) because the Court lacks subject matter jurisdiction over the complaint, and it is therefore legally frivolous.

**I. Background**

    Montano has been a frequent pro se litigant in the Michigan courts, largely arising out of his divorce from his ex-wife, Ivy Alice Wimmer. *See Montano v. Wimmer*, No. 20-12937, 2020 WL 6585539, at *1 (E.D. Mich. Nov. 10, 2020). He has previously filed cases in this Court pertaining to his state-court litigation, *see Montano v. McCormack, et al.*, No. 1:20-cv-978 (W.D.

Mich. 2020); *Montano v. McCormack*, No. 1:20-cv-979 (W.D. Mich. 2020), as well as cases in the Eastern District of Michigan. In one of his more recent cases filed in the Eastern District, in which Montano alleged that his ex-wife and multiple state-court judges engaged in fraud and extortion during the course of the divorce proceedings, the court noted that the action was the seventh such frivolous action and warned Montano that if he continued to file meritless or frivolous lawsuits, it may bar him from filing future actions without advance permission from a judge of that district. *Montano*, 2020 WL 6585539, at *3.

In his present action, Montano alleges that the Michigan Supreme Court had previously granted him leave to proceed without payment of fees due to his indigent status. (ECF No. 1 at PageID.3.) On May 5, 2020, Montano filed the case of *Montano v. Michigan Court of Appeals* with the Michigan Supreme Court. The court failed to determine whether the case was "fileable." (*Id.*) However, on August 13, 2020, the court issued the following order:

> We conclude that the complaint is frivolous and vexatious. MCR 7.316(C). The plaintiff is ordered to pay the Clerk of this Court $1,000 within 28 days of the date of this order. We direct the Clerk of this Court not to accept any further filings from the plaintiff in any non-criminal matter until he has made the payment required by this order. We further direct the Clerk of this Court not to accept any documents from the plaintiff that require a fee unless the plaintiff pays the fee at the time of submission.

*Montano v. Court of Appeals*, 506 Mich. 888 (2020). (*Id.* at PageID.3.) Montano alleges that the court entered this order without jurisdiction and that Royster enforced the order, as directed, by subsequently rejecting his complaints and motions to waive fees in his proffered cases captioned *Montano v. Michigan Court of Appeals* and *Montano v. Clerk of the Michigan Court of Appeals*, due to his failure to pay the $1,000 in sanctions. (*Id.* at PageID.4.)

## II. Discussion

Montano's complaint is subject to dismissal because this Court lacks subject matter jurisdiction to review the Michigan Supreme Court's order. The *Rooker-Feldman* doctrine has its

roots in the United States Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and provides that lower federal courts are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008). The Supreme Court has clarified the scope of the doctrine, confining it to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon Mobil*, the Sixth Circuit "distinguishe[s] between plaintiffs who bring an impermissible attack on a state court judgment—situations in which *Rooker-Feldman* applies—and plaintiffs who assert independent claims before the district court—situations in which *Rooker-Feldman* does not apply." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010).

Montano's complaint falls into the former group of cases—an impermissible attack on the Michigan Supreme Court's order. The injury he alleges—being precluded from filing his cases in the Michigan Supreme Court—arises directly from that order. In short, Plaintiff seeks to invalidate the order and asks this Court to do so. As set forth above, however, this Court may not sit as a court of appeals to review the order.

Because a claim barred by the *Rooker-Feldman* doctrine is legally frivolous, s*ee Alpern v. Lieb*, 38 F.3d 933, 934–35 (7th Cir. 1994), dismissal pursuant to 28 U.S.C. § 1915(e)(2) is

appropriate. *See Parker v. Phillips*, 27 F. App'x 491, 493–94 (6th Cir. 2001) (holding action to be frivolous under Section 1915(e) where one ground for dismissal is *Rooker–Feldman*).

### III. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Montano's complaint.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Montano appeal this decision, the Court assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.


Date:  December 8, 2022                           /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  U.S. Magistrate Judge

### NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).