UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO ALLAN MONTANO,

    Plaintiff,

v.

LARRY ROYSTER,

    Defendant.
_____/

Case No. 1:22-cv-1150

Hon. Hala Y. Jarbou

## **ORDER**

On December 8, 2022, the magistrate judge issued a Report and Recommendation (R&R) (ECF No. 6), recommending that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. The magistrate judge also recommended that the Court find that an appeal would not be taken in good faith. Before the Court are Plaintiff's objections to the R&R (ECF No. 7).

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff complains that Defendant, the Clerk of the Michigan Supreme Court, has violated Plaintiff's rights by rejecting Plaintiff's court filings. Defendant did so after the Michigan Supreme Court ordered Plaintiff to pay a $1,000 sanction to that court. The court also ordered Defendant not to accept any of Plaintiff's filings that require a fee unless he pays the required fee

at the time of submission. Plaintiff contends that his inability to file documents violates his rights under federal and state law.

The magistrate judge properly concluded that the injury alleged by Plaintiff arises from an order by the Michigan Supreme Court. Accordingly, the *Rooker-Feldman* doctrine bars Plaintiff's claims. This Court does not have jurisdiction to review the Michigan Supreme Court's order, so the Court does not have subject matter jurisdiction over Plaintiff's claims.

Plaintiff objects that *Rooker-Feldman* does not apply because he is not suing the Michigan Supreme Court and is not seeking to overturn the Michigan Supreme Court's order. Instead, he is challenging the conduct of Defendant. However, *Rooker-Feldman* applies here because the *source* of Plaintiff's injury is the state court's order. The Clerk acted as he did because of the state court's order. Consequently, Plaintiff's challenge is equivalent to an attack on the validity of the state court's order; that challenge is barred by the *Rooker-Feldman* doctrine. As the Court of Appeals stated in another case, Plaintiff "would only prevail on [his] § 1983 claims . . . if the state court were wrong, so the Order is the source of injury." *RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 388 (6th Cir. 2021). The same is true here.

In *RLR*, the plaintiff sued a city for taking its land after a court granted the city an order to take possession of the land. *Id.* at 384. The Court of Appeals held that the plaintiff's claim against the city was barred by the *Rooker-Feldman* doctrine. It did not matter that the plaintiff sued the city for implementing the order instead of the court that issued the order. *Rooker-Feldman* applied because "the City's conduct [was not] independent of the state court's Order. The City took [the plaintiff's] property as a consequence of the Order, not independently." *Id.* at 388-89. Likewise, the *Rooker-Feldman* doctrine applies here because the Clerk of the Michigan Supreme Court acted

2

as a consequence of the Michigan Supreme Court's order. Accordingly, Plaintiff's objection is meritless.

Next, Plaintiff argues that the Court has subject matter jurisdiction over Plaintiff's federal claims. Although Plaintiff is correct that this Court generally has subject matter jurisdiction over federal claims, it does not have subject matter jurisdiction to review Plaintiff's particular claims because they are, in effect, an appeal of a state court order. *See id.* at 396. Indeed, Plaintiff's complaint asks this Court to order Defendant to allow Plaintiff to file new cases without complying with the Michigan Supreme Court's order for sanctions. (*See* Compl., ECF No. 1, PageID.5.) That relief would effectively overturn the Michigan Supreme Court's order. This Court does not have jurisdiction to grant that relief.

Plaintiff also argues that, because the *Rooker-Feldman* doctrine does not apply, his action is not frivolous and an appeal from this action would be taken in good faith. The Court disagrees. As discussed above, the *Rooker-Feldman* doctrine plainly applies here. Thus, the magistrate judge correctly concluded that an appeal would not be taken in good faith.

Finally, Plaintiff argues that the Michigan Supreme Court's order "as executed by the Defendant" violates his rights under the Constitution, and that those rights take precedence over a decision by the Michigan Supreme Court. (Pl.'s Objs. 3.) But even if Plaintiff is correct, this Court does not have jurisdiction to review that claim. In short, the Court discerns no error in the R&R.

Accordingly,

**IT IS ORDERED** that Plaintiff's objections (ECF No. 7) to the R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 6) is **APPROVED** and **ADOPTED** as the opinion of the Court.

4

**IT IS FURTHER ORDERED** that the Court **CERTIFIES** that an appeal in this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Should Plaintiff file an appeal, the Court will assess the $505.00 appellate filing fee.

A judgment will enter in accordance with this Order.

Dated: December 21, 2022          /s/ Hala Y. Jarbou
                                  HALA Y. JARBOU
                                  CHIEF UNITED STATES DISTRICT JUDGE